UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALITA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 4732 |
| | ) | |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on the motion of Defendant Chicago Board of Education (the "Board") to dismiss the amended complaint brought by Plaintiff Alita Jones ("Jones") pursuant to Federal Rule of Civil Procedures 12(b)(6). For the reasons set forth below, the Board's motion to dismiss is granted.

**BACKGROUND**

**I. Facts**

For the purposes of the instant motion, the following well-pleaded allegations derived from Jones's amended complaint are accepted as true. The Court draws all reasonable inferences in favor of Jones. Jones was hired by the Board in October 1982 as a substitute teacher. After eight years of substitute teaching, Jones became a full-time physical education instructor at Sullivan Elementary School. On June 4,

1997, Jones was assaulted and injured at work by a special education student who pushed her down the stairs.

Jones did not return to work and was paid one full year of her salary plus benefits pursuant to a collective bargaining agreement between her teacher's union and the Board. Beginning in October 1998, she was provided worker's compensation benefits. Jones was told by the Board that she could not return to work unless she had a full duty release by her doctor. According to Jones's physician, her disability became permanent on March 21, 2007. However, the Board sent Jones a letter on September 14, 2009 stating that she had been released to return to work by her treating physician. Jones then sent the Board statements from three of her treating physicians stating that she had not been released to return to work. In July 2010, without notice, her worker's compensation benefits were terminated. She has yet to return to work since the 1997 incident.

## II. Procedural History

This is not Jones's first lawsuit against the Board. On April 10, 2013, this Court dismissed Jones's amended complaint in her first lawsuit with prejudice. *See Jones v. Chicago Bd. of Educ.*, 11 C 8326, 2013 WL 1499001 (N.D. Ill. April 10, 2013) ("*Jones I*"). In the Court's opinion, we ruled that Jones's ADA and ADEA discrimination claims for conduct occurring prior to November 26, 2010 were time barred. This included claims arising from the termination of Jones's assault pay in October 1998 and the termination of all payments and benefits in July 2010. She did

not appeal the decision. In response to the previous motion to dismiss filed in *Jones I*, Jones asserted two additional adverse employment actions, including allegations that the Board denied her the ability to enroll in healthcare benefits in December 2010 and that the Board misrepresented her salary in a worker's compensation action in August 2011. Jones argued that these additional actions fell within the 300-day filing requirement and demonstrated continuing discriminatory conduct to which her untimely claims attached. These issues were addressed in the *Jones I* opinion, where this Court found that these two actions were "separate discrete acts that each trigger the 300-day filing requirements." *Jones I*, 2013 WL 1499001 at *3. Also, because these two claims had not been pled, Jones could not "implicitly amend her complaint" and could not "submit the new allegations to serve as the last act of discrimination for the purposes of determining when the 300-day filing requirement expires." *Jones I*, 2013 WL 1499001 at *2.

On February 12, 2013, before the Court issued the opinion in *Jones I*, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and age and disability discrimination. On March 28, 2013, Jones received another Notice of Right to Sue from the EEOC. On June 28, 2013, Jones filed her complaint *pro se* in the instant matter, *Jones v. Board of Education*, No. 13 C 4732 ("*Jones II*"). On January 9, 2014, Jones filed a three-count amended complaint alleging: (i) age discrimination in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C § 621 *et seq*.

3

(Count I); (ii) disability[1] discrimination in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 42 U.S.C. § 12101 *et seq*. (Count II); and (iii) retaliation in violation of the ADEA and Title VII, 28 U.S.C. §2000(e) *et seq*. (Count III). Jones ask this Court to enter judgment against the Board, including back wages, lost wages, reimbursement for medical expenses, an order directing the Board to continue her permanently disability with full benefits, attorney fees, costs, punitive damages in the amount of $3,200,000.00, and any other appropriate relief. On May 27, 2014, the Board moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Comparing the amended complaint from *Jones I* to the amended complaint in *Jones II*, Jones asserts several new allegations ("the New Allegations"). They include: (i) the applicability of the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e-5(e)(3)(A) ("Lilly Ledbetter Act"); (ii) the Board's intentional and willful misrepresentation of her medical eligibility when they sent her a letter stating her doctor released Jones to return to work in September 2009; (iii) an act of retaliation by the Board after she brought a charge to the Education Labor Relation Board ("Labor Board") in July 2012 and the Department of Labor in November 2012; (iv) her attempts in July 2013 to obtain documentation from the Illinois Attorney General's

---

[1] Jones incorrectly titles Count II as "Age" Discrimination, although the allegations pertain to a claim for disability discrimination. The Court interprets Count II to be a disability discrimination claim under the ADEA. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) ("reminding courts to construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers") (citation and internal quotation marks omitted).

Office pertaining to this incorrect work release; and (v) her January 5, 2013 inquiry to the Board about her "lane and steps" after it made a clerical error as to Jones's years of service.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678. *Pro se* complaints should be construed liberally and held to a less stringent standard than those drafted by attorneys. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

## DISCUSSION

### I. Grounds for Dismissal

The Board requests dismissal on several grounds. First, it asserts that *res judicata* bars Jones from filing the present lawsuit. Second, the Board avers that Jones failed to bring suit within 90 days of receiving her EEOC right to sue letter and that the alleged unlawful conduct which Jones attempts to base her claims occurred more than 300 days before Jones filed this lawsuit. The Board then argues that Jones alleges no protected activity in her retaliation claim in Count III and states that any possible timely conduct alleged by Jones is not actionable under either the ADEA or the ADA. Finally, the Board claims that the Lilly Ledbetter Act does not apply because Jones's amended complaint involves the lack of payment to Jones, not that her compensation was discriminatory. Construing her allegations liberally, the Court makes the following findings with respect with Jones's present amended complaint.

#### A. Failure to Bring Suit Within 90 Days

It is necessary to first address whether Jones failed to bring suit within 90 days of receiving her EEOC right to sue letter. Jones does not address the 90 day requirement in her response. A lawsuit complaining of discrimination actionable under the ADA or ADEA must be brought within 90 days of receiving the EEOC's right to sue letter. *DeTata v. Rollprint Packaging Products Inc.*, 632 F.3d 962, 967 (7th Cir. 2011). According to her amended complaint, "[o]n March 28, 2013, the EEOC issued a right to sue letter." Jones did not file the instant lawsuit until June 28,

2013, approximately *two days* after the deadline. It is unclear when Jones actually received the letter. *Id*. (". . . the 90-day period does not start running until the claimant (or her agent) actually receives the right-to-sue letter from the EEOC."). Because of this uncertainty, the Court refuses to dismiss the entire amended complaint based on the 90-day requirement for such a close timing issue.

**B. The Lilly Ledbetter Act**

Jones includes allegations about the Lilly Ledbetter Act in her amended complaint. In response, the Board claims that the Lilly Ledbetter Act does not apply because Jones's amended complaint involves the lack of payment to Jones, not that her compensation was discriminatory in nature. The Court agrees with the Board and holds that the inclusion of the Lilly Ledbetter Act is inapposite and has no bearing on Jones's claims.

**C. The Doctrine of *Res Judicata***

**1. Same Parties and a Judgment on the Merits**

In its motion to dismiss, the Board states that the doctrine of *res judicata* bars the present lawsuit. In response, Jones does not specifically answer any of the *res judicata* arguments. *Res judicata* is an affirmative defense and is "rarely a good reason to dismiss under 12(b)(6)." *Moore v. Morales*, 415 F.Supp.2d 891, 894 (N.D. Ill. 2006). *Res judicata* precludes claims where there is: (i) the same parties in both suits; (ii) the same causes of action in both suits; and (iii) a judgment on the merits in an earlier suit. *Schmidt v. Campanella Sand & Gravel Co., Inc.*, 49 Fed. Appx. 647,

651 (7th Cir. 2002) (citations omitted). Two of the elements of *res judicata* are clearly satisfied. Jones and the Board are the only parties in both suits and the dismissal of Jones's claims in *Jones I* satisfies as a judgment on the merits of the case. The only question at issue in relation to the pending motion is whether the claims before this Court constitute the same causes of action as in *Jones I*.

### 2. Same Causes of Action

Two claims are one for the purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations, which could include "the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment. *Cole v. Bd. of Trs.*, 497 F.3d 770, 772-73 (7th Cir. 2007); *see also Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (applying *res judicata* where "the legal elements of each claim may be different, [but] the central factual issues are identical."). After comparing the amended complaints in *Jones I* and *Jones II* side-by-side, it is true that they are quite similar. For both, Jones asserts counts for age discrimination, disability and retaliation. However, since Jones has added more to her amended complaint in *Jones II*, whether *Jones I* and *Jones II* have the same causes of action is contingent on the interpretation of the New Allegations. *See Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (whether there is an identity of the causes of action for *res judicata* purposes depends on "whether the claims comprise the same core of operative facts that give rise to a remedy.").

Some of the New Allegations involve an alleged incident of retaliation Jones experienced after she brought a charges of discrimination against the Board to the Labor Board in July 2012 and the Department of Labor in November 2012. Specifically, Jones claims that the Board changed her years of service by deducting ten years off of her employment period with the Board after she went to these agencies. Further, Jones alleges that on January 5, 2013, the Board sent her a letter admitting that it made a clerical error as to her years of service, and on January 10, 2013 she wrote them a letter inquiring more information, which was never answered. In July 2013, Jones also attempted to obtain documentation from the Illinois Attorney General's Office pertaining to her claim that the Board received a false "return to work" document from her doctor in September 2009. It appears from her pleadings that Jones finds that these incidents constitute a new act of retaliation because all of this occurred after she filed *Jones I* on November 21, 2011.

The Court agrees with the Board that the New Allegations about the Labor Board and the Department of Labor appear to be Jones's attempt to show that adverse employment actions occurred after she filed *Jones I*. However, allegations about a change in her years of service were unquestionably included in her amended complaint from *Jones I* (Jones alleged retaliation "by reducing the salary and benefits to which the Plaintiff is entitled, and *by reducing the Plaintiff's years of service*") and explained further in her response to the motion to dismiss in *Jones I*. In our opinion from *Jones I*, we accepted the supplemental inclusion that "the Board purposefully

9

misrepresented her salary to the Industrial Commission in August 2011," but found that this did not constitute a continuing violation because her termination of compensation claims occurred in October 1998 and June 2010 and this was a separate discrete act that triggered the 300-day filing requirement. This Court concludes that Jones cannot now save her retaliation claim from *res judicata* by contacting the Board in January 2013 about her status (after the clerical error as to her years of service) and alleging that the same act of retaliation (changing her years of service) occurred after she reported misconduct to the Labor Board and the Department of Labor agencies. The decision in *Jones I* has a preclusive effect on Jones's current claim against these agencies. Also, the fact that she contacted the Illinois Attorney General's Office in July 2013 about the incorrect information the Board received pertaining to her work release does not reopen a cause of action for discrimination or retaliation that this Court has previously dismissed. Any issues Jones had pertaining to the Board's incorrect belief that her doctor had released her to work could reasonably have been raised in *Jones I* because the Board received that information in September 2009. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (*res judicata* prohibits parties from litigating issues that were decided in a prior lawsuit, as well as any issues that could have been raised in the previous lawsuit). The Court strongly holds that Jones had a full and fair opportunity to litigate these issues in her earlier lawsuit, especially with the assistance of her appointed counsel.

After careful review, the Court finds that Jones has not established new causes of action that would save the lawsuit from *res judicata*. This Court finds that all three counts in *Jones II* are the same claims Jones asserted in the amended complaint from *Jones I*. The present claims before the Court clearly arise out of the same core of operative facts as those before this Court in *Jones I*. The central factual issues are identical: the Board's discriminatory and retaliatory employment actions and Jones's denial of compensation and benefits. The denial of compensation and benefits by the Board constitutes the nucleus of factual allegations giving rise to both suits and the resolution of both complaints revolves around the issue of whether the Board discriminated against Jones based on age and disability and retaliated against her for reporting alleged misconduct. It is unnecessary for this Court to discuss the Board's remaining grounds for dismissal.

Although she is *pro se*, Jones is not exempt from the doctrine of *res judicata*, even at this early pleading stage. It is important for Jones to realize that the New Allegations she includes in her amended complaint in *Jones II* are not enough to resurrect her lawsuit against the Board, including any incidents that occurred in 2012 and 2013 after she filed *Jones I*. Moreover, even though the EEOC issued her another right to sue letter in March 2013, this does not mean that she has a new case against the Board. The Court recognizes the unfortunate assault that occurred to Jones when she was a teacher in 1997, but there is no legal principle that this Court can presently

impose to assist her in remedying her situation with the Board. Therefore, Jones's claims must be and are hereby dismissed.

## CONCLUSION

For the foregoing reasons, the Board's motion to dismiss is granted.

_____
Charles P. Kocoras
United States District Judge

Dated: 11/10/14