UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ALITA JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 4732 |
| | ) | |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Plaintiff Alita Jones ("Jones") to reconsider this Court's November 10, 2014 ruling. For the following reasons, Jones' motion is denied.

## BACKGROUND

On April 10, 2013, this Court dismissed Jones' amended complaint in her first lawsuit with prejudice. *See Jones v. Board of Education*, 11 C 8326, 2013 WL 1499001 (N.D. Ill. April 10, 2013) ("*Jones I*"). In *Jones I*, we ruled that Jones' discrimination claims brought under the Americans with Disabilities Act (the "ADA") and the Age Discrimination and Employment Act (the "ADEA") were time barred. The specific claims involved in *Jones I* were levied against the Chicago Board of Education (the "Board") and concerned the termination of her assault pay in October

1998, and the termination of all her other payments and benefits in July 2010. Jones did not appeal the Court's decision.

On February 12, 2013, before the Court issued its opinion in *Jones I*, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation, age, and disability discrimination against the Board. On March 28, 2013, Jones received another Notice of Right to Sue from the EEOC. On June 28, 2013, Jones filed a second complaint against the Board. *Jones v. Board of Education*, 13 C 4732, 2014 WL 5819817 (N.D. Ill. Nov. 10, 2014) ("*Jones II*"). In January 2014, Jones filed a three-count amended complaint alleging: (i) age discrimination in violation of the ADEA; (ii) disability discrimination in violation of the ADA; and (iii) retaliation in violation of the ADEA and Title VII. The Board moved to dismiss Jones' amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). On November 10, 2014, this Court granted the Board's motion to dismiss, determining that Jones' claims were barred by *res judicata* due to all three counts in *Jones II* being "unquestionably included in her amended complaint from *Jones I*." *Id.* at \*4. On December 8, 2014, Jones filed the instant motion to reconsider under Rule 59. Due to the poor quality of Jones' digital motion uploaded to the Court's docket, Jones filed a supplement to her motion to reconsider on February 10, 2015. The Court will contemplate Jones' arguments from both her original motion to reconsider and the supplement to her motion.

**LEGAL STANDARD**

Motions for reconsideration under Rule 59 are not appropriate vehicles for relitigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Whether to grant a motion to reconsider is a matter squarely within the court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Rule 59(e) "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A motion to alter or amend a judgment pursuant to Rule 59(e) "is permissible when there is newly discovered evidence or there has been a manifest error of law or fact" *Harrington v. City of Chi.,* 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Id.* To succeed on a Rule 59(e) motion, "the movant must 'clearly establish' one of the

aforementioned grounds for relief." *Harrington*, 433 F.3d at 546 (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)). Furthermore, motions to reconsider sounding under Rule 59(e) should only be granted in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## DISCUSSION

Jones premises her motion to reconsider on a multitude of issues which she argues entitles her to the reinstatement of her case. In the interest of clarity, it is important to note that Jones' motion to reconsider exclusively deals with our November 10, 2014 opinion in *Jones II* and does not concern the Court's April 10, 2013 *Jones I* ruling. Jones asks the Court to reconsider our holding in *Jones II* in light of: (1) the Board's failure to provide her with the appropriate salary pay grade; (2) the continued harassment accorded by the Board due to its deployment of a private investigator to observe her; and (3) the failure of the Board to extend her leave allowance. The Court will resolve each of Jones' assertions in turn.

Jones asserts that the Board has actively sought to lower her salary pay grade and refused to raise it to the appropriate level. In *Jones II*, Jones alleged that the Board failed to remedy her salary grade "lane and steps" after a clerical error was made concerning her years of service. Despite Jones posing the salary disparity as a new allegation in *Jones II*, we determined that the "allegations about a change in [Jones'] years of service were unquestionably included in her amended complaint

from *Jones I*." *Id.* at *4. In *Jones I*, Jones submitted a retaliation claim based on the Board reducing her salary, benefits, and years of service. *Id.* Accordingly, Jones' claim was appropriately dismissed in *Jones II* based on the preclusive effect of the dismissal of *Jones I*.

Presently in Jones' motion to reconsider, she contends that she only found out about the pay disparity in April 2014 and did not have an opportunity to litigate the matter in *Jones II*. However Jones' assertion is contradicted by the record. In *Jones II*, she mimics the salary grade term "lane and step" that she currently utilizes in her instant Rule 59(e) motion. In *Jones I* and *Jones II*, she claimed that the Board failed to provide her with the salary she was entitled to. Jones cannot now assert that she could not, and did not litigate, her salary discrepancy claim, when faced with the record indicating she did. A Rule 59(e) motion cannot be used to "rehash" previously rejected arguments. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Jones' second argument contained in her Rule 59(e) motion states that she suffers from continued harassment at the hands of the Board. Specifically, Jones states that the Board sent a workers' compensation private investigator to follow and harass her between May 25, 2014 and June 30, 2014. Jones gives a detailed account of several incidents in which one or more private investigators closely followed her. The three instances where Jones alleges to be followed occurred in the midst of the *Jones II* case. Instead of amending her claims or even mentioning her claims in *Jones II* she chose to withhold from the Court the conduct which she presently relies on to

attack the validity of our past ruling. A Rule 59(e) motion "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Finally, it appears that Jones contends that she was denied an extension of her assault/ workers' compensation leave of absences in October 2014. Jones includes two documents in conjunction with her motion to reconsider in an effort to establish that she was wrongfully denied additional assault /workers' compensation leave of absences. Jones seems to be attempting to present newly discovered evidence to fortify her previously dismissed claims. "To succeed on a motion under Rule 59 by invoking newly discovered evidence, a party must show that: (1) it has evidence that was discovered post-trial; (2) it has exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." *Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008).

The cryptic paperwork Jones supplied to support her claim that the Board deprived her of the opportunity to extend her assault/ workers' compensation does not satisfy the requirements necessary to introduce newly discovered evidence. Jones' written letter to her insurance carrier and a singular print out of her current insurance claims fails to establish any material evidence. In the absence of relevant evidence, Jones' paperwork clearly would not produce a different result in *Jones II*. As such

Jones fails to present a good reason to set aside our November 2014 opinion. *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009).

In the interest of thoroughness, the Court will briefly address several issues that Jones raised in her initial motion to reconsider and were not included in her supplement to the motion to reconsider. Jones briefly contends that that the Court incorrectly interpreted her complaint in *Jones II*, and believed that she refused to return to work. In fact Jones submits that she was never released by her treating physician to return to work. However, *Jones II* was not decided on Jones' ability to return to work. Despite Jones' present assertions, we noted in *Jones II* that Jones "sent the Board statements from three of her treating physicians stating that she had not been released to return to work." *Jones*, 2014 WL 5819817,* 1. Jones' argument concerning her refusal to return to work as a basis for reconsideration of the Court's November 2014 opinion is a nonstarter.

Finally, it appears that Jones asserts that her claims should not have been barred as untimely because her "right to sue letter did not come to her in a timely fashion ..." In *Jones II*, the Court explicitly "refuse[d] to dismiss the entire complaint based on the 90-day requirement" being surpassed by 2 days. *Id.* at *3. Jones' contention that the Court based *Jones II* on the "untimeliness" of the submission of her claims is inaccurate.

## CONCLUSION

For the aforementioned reasons the Court denies Jones' motion to reconsider.

_____
Charles P. Kocoras
United States District Judge

Dated: 3/11/2015